**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

Order Filed on November 9, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

JOHN K. SHERWOOD
BANKRUPTCY JUDGE

(973) 645-4693

### *LETTER DECISION*

November 9, 2021

S. Jason Teele, Esquire
Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102

Peter J. D'Auria, Esquire
Office of the U.S. Trustee
One Newark Center
Suite 2100
Newark, NJ 07102

Marita S. Erbeck, Esquire
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

          RE:   **Integrated Dental Systems, LLC**
                  **Bankruptcy Case No. 20-21423**

Dear Counsel:

     This matter is before the Court on the: (1) motion of Integrated Dental Systems, LLC ("Debtor") to approve the sale of 5,000 dental implants, (2) motion of the Debtor for dismissal of Chapter 11 case, and (3) request of the U.S. Trustee to convert the case to a Chapter 7. The general background of this case is known to the parties and need not be repeated here in detail. Instead, the Court will focus on the facts germane to the matters before it.

Page 2
In re Integrated Dental Systems, LLC.
Bankruptcy Case No. 20-21423
November 9, 2021

I. **Background**

On October 7, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1] The Debtor was in the business of providing tooth replacement systems and related services to dentists.

By Order dated December 7, 2020, the Court approved the sale of substantially all the Debtor's assets to Biotech Dental LLC ("Biotech") for the sum of $3.2 million subject to adjustment.[2] The proceeds of the sale were used to satisfy the senior secured claim of ConnectOne Bank in the amount of approximately $2.1 million. From the remaining sale proceeds, approximately $194,000 was paid to the Debtor's investment banker and a $300,000 escrow was set up for the payment of legal fees. According to the Debtor, the balance of the sale proceeds, which was approximately $277,000, was used to pay ordinary course operating expenses.[3]

Apparently, the Debtor neglected to pay a junior secured claim of $150,000 held by the U.S. Small Business Administration ("SBA") from the closing proceeds which were disbursed as set forth above.[4] Debtor's counsel was made aware of this oversight in a phone call with the SBA's counsel on March 1, 2021.[5] The SBA, rightfully upset by the Debtor's nonpayment of its claim from the sale proceeds, threatened to seek relief from the Court.[6] Also, the Debtor's Chief Executive Officer, Carey Lyons, had an interest in getting the SBA paid because he had personally guaranteed the Debtor's note to the SBA.[7] The Debtor had a problem and needed a solution.

The Debtor had one potential remaining asset that it could use to satisfy the SBA's demand for payment. The Debtor had commenced an adversary proceeding in the fall of 2020 against MegaGen Implant Co. Ltd. ("MegaGen") based on, among other things, MegaGen's

---

[1] Chapter 11 Voluntary Petition, Bankruptcy Case No. 20-21423, ECF No. 1.
[2] Order dated December 7, 2020, ECF No. 77. After adjustment, the purchase price was $2.9 million. Declaration of David Singh ("Singh Decl.") ¶¶ 6-7, ECF No. 118.
[3] *Id.*
[4] Declaration of S. Jason Teele, Esquire ("Teele Decl.") ¶¶ 30-31, ECF No. 117. The SBA's second lien position is discussed in paragraph 15 of the Declaration in support of Chapter 11 Petition and First Day Pleadings, ECF No. 7.
[5] Teele Decl. ¶¶ 29-30, ECF No. 117. In his Declaration, Mr. Teele stated: "At the time the proceeds [from the sale to Biotech on January 6, 2021] were disbursed, the Debtor believed that payment of the SBA Note was included in the payment to ConnectOne." He further stated: "In a telephone discussion with Mr. O'Hagan, counsel to the SBA, on March 1, 2021, I learned that the SBA Note was not paid as part of the ConnectOne payoff, as the Debtor previously believed, and that the SBA was still the holder of a secured claim in the principal amount of $150,000."
[6] *Id.* ¶ 31.
[7] Declaration in Support of Chapter 11 Petition and First Day Pleadings ¶ 15, ECF No. 7.

Page 3
In re Integrated Dental Systems, LLC.
Bankruptcy Case No. 20-21423
November 9, 2021

alleged unfair competition and tortious interference with the Debtor's business.[8] The parties were in settlement negotiations when the Debtor was contacted at the beginning of March 2021 regarding its nonpayment of its SBA debt.[9] As a result of its settlement negotiations with MegaGen, the Debtor knew it would be receiving 5,000 units of dental implants from MegaGen.[10]

Significantly, the Debtor did not file its motion for approval of its settlement with MegaGen until May 18, 2021, and the Court did not issue its Order approving the settlement until June 9, 2021.[11] In addition, MegaGen did not deliver the 5,000 dental implants to the Debtor until mid-August.[12] Nevertheless, the Debtor and its counsel came up with the following plan: (i) the dental implants would be sold to Biotech for $150,000; (ii) Biotech would pre-pay the purchase price; and (iii) Debtor would immediately turnover the $150,000 pre-payment by Biotech to the SBA. According to the Debtor, Biotech agreed to this plan with the understanding that its pre-payment to Debtor of $150,000 would be at risk if the Court did not approve the sale of implants to Biotech.[13]

On March 23, 2021, Biotech pre-paid the $150,000 purchase price for the dental implants and, the next day, the Debtor satisfied its debt to the SBA.[14] As set forth above, all of this happened nearly three months before the MegaGen settlement was approved by the Court and nearly five months before MegaGen delivered the dental implants to the Debtor. In addition, the Debtor did not file its motion seeking Court approval of its sale of dental implants to Biotech until August 6, 2021.[15]

It should be noted that the Court approved the Debtor's $3.2 million sale to Biotech, as described above, knowing that two of the Debtor's principals, Carey Lyons and David Singh, who is the Debtor's Chief Financial Officer, had received or would receive equity and/or officer positions at Biotech.[16]

---

[8] Debtor's Adversary Complaint, *Integrated Dental Systems, LLC v. MegaGen Implant Co. Ltd.*, Adv. Proceeding No. 20-01562, ECF No. 1.
[9] Teele Decl. ¶ 32 & 34-35, ECF No. 117.
[10] Singh Decl. ¶ 13, ECF No. 118.
[11] Debtor's Motion for Order Approving Settlement with MegaGen, ECF No. 102 & Order Approving Debtor's Settlement with MegaGen, ECF No. 106.
[12] Teele Dec. ¶ 36, ECF No. 117.
[13] *Id.* ¶¶ 37-38.
[14] Id. ¶ 40.
[15] Debtor's Motion for Orders Approving Private Sale and Establishing Dismissal Procedures, ECF No. 109.
[16] Debtor's Motion for Order Approving Bidding Procedures for Sale of Debtor's Assets ¶ 29, ECF No. 26; Order Approving Bidding Procedures for Sale of Debtor's Assets, ECF No. 77. In addition, Steven Pfeffer, who worked for the Debtor, was hired by Biotech as its Vice President of Sales.

Page 4
In re Integrated Dental Systems, LLC.
Bankruptcy Case No. 20-21423
November 9, 2021

Apparently, these close relationships between the Debtor's principals and Biotech enabled the Debtor to convince Biotech to pre-pay the $150,000 for the dental implants and allow the Debtor to use the funds to satisfy the SBA note before the transaction was approved by the Court.

II.     **Analysis**

There is no doubt that the sale of the dental implants to Biotech is a transaction outside the ordinary course of business that requires *prior* court approval. 11 U.S.C. § 363(b)(1). Here, the transaction between the Debtor and Biotech, as a practical matter, already occurred and the Debtor is seeking court approval *after* the fact. What is also disturbing to the Court is that, when the Debtor sought approval of its settlement with MegaGen and, again, when it sought approval of its sale of implants to Biotech, the Debtor did not disclose that: (i) the dental implants had been pre-sold to Biotech for $150,000; and (ii) the Debtor had already used the proceeds from Biotech for the implants to pay the SBA's claim.[17] Furthermore, these integral facts, which the Debtor knew from mid-March 2021, were not disclosed by the Debtor until nearly the conclusion of the hearing on the Debtor's motion to sell the implants on September 14, 2021.[18]

With these circumstances in mind, the Court considers whether it should overlook the Debtor's failure to follow basic bankruptcy procedures, approve the sale of the implants to Biotech (after the fact), and allow the Debtor to dismiss this Chapter 11 case. In the alternative, the Court could grant the request by the United States Trustee to convert this case to Chapter 7.[19]

Until being advised of the pre-payment deal between the Debtor and Biotech, the Court was prepared to approve the sale and dismiss the case. However, the last-minute disclosure of this arrangement was disappointing and troubling. It is difficult to understand why the Debtor and its counsel did not seek prompt Court approval of the solution to their mistaken non-payment of the SBA loan. This Court hears emergent applications to address unique and unanticipated problems confronted by debtors on a routine basis. Also, the Debtor had at least three opportunities to disclose its proposed solution to the SBA loan issue in filings with the Court and

---

[17] Motion for Order Approving Settlement with MegaGen, ECF No. 102 & Motion for Orders Approving Private Sale and Establishing Dismissal Procedures, ECF No. 109.

[18] The Court further notes that Mr. Teele represented at the hearing on September 14, 2021, that it was an "oversight" that the facts regarding the prepayment by Biotech had not been included in the Debtor's motion and that, when he was preparing on September 13th for the hearing the next day, he became alarmed when he realized the prepayment had not been disclosed in the Debtor's motion. However, Mr. Teele signed a reply in support of the debtor's motion on September 13th and the reply, like the Debtor's motion, failed to disclose that Biotech had prepaid the $150,000 purchase price. The Reply was not filed until 6:56 p.m. on September 13, 2021. Debtor's Reply, ECF No. 116.

[19] Supplemental Statement of the United States Trustee ¶¶ 8-9, ECF No. 119.

Page 5
In re Integrated Dental Systems, LLC.
Bankruptcy Case No. 20-21423
November 9, 2021

the Debtor failed to do so.[20] Instead, the Debtor gave the Court and the parties the impression that the implants received in the MegaGen settlement would be sold to satisfy the claims of creditors when the reality was that the implants had been pre-sold to Biotech and the proceeds from the sale had already been used to satisfy the SBA's loan.

Despite the problematic conduct of the Debtor and its counsel, the Court still believes that approval of the sale and dismissal of the case is the right result. Among other things, (i) Biotech is probably the only logical buyer for the dental implants, (ii) according to the Debtor, the implants are being sold to Biotech at a price that is $10 per unit higher than the market price;[21] (iii) based on allegations of patent infringement by Biomet 3i, LLC and Zimmer Dental Inc., the implants are worth approximately 15% less than initially estimated;[22] and (iv) there are no remaining assets available for a Chapter 7 Trustee to fund an investigation or create a distribution to the remaining creditors of this estate.[23] The Court does not believe, and no party has suggested, that any additional assets can be liquidated by a Chapter 7 Trustee for the benefit of the estate. Accordingly, the Court will approve the sale as well as the dismissal of the Debtor's case.

The consequences for the Debtor's non-disclosure of significant events in its motion papers and failure to follow basic bankruptcy procedures will be discussed at the hearing on final approval of its counsel's fees. According to Debtor's counsel, it has over $284,000 in fees and expenses that it is not "likely" to recover.[24] The Court might consider this financial loss to be enough of a negative consequence under the circumstances. However, the Court shall not make this decision until counsel's final fee application hearing.

III.    **Conclusion**

Based on the foregoing, the Court will: (i) grant the Debtor's motions to approve the sale of the dental implants to Biotech and establish procedures for dismissal of the case, and (ii) deny the United States Trustee's request to convert the case to Chapter 7. Debtor's counsel is directed to appear at the hearing on its final fee application prepared to address whether its fees should be reduced based on the non-disclosures and failure to follow bankruptcy procedure as discussed

---

[20] Motion for Order Approving Settlement with MegaGen, ECF No. 102, Motion for Orders Approving Private Sale and Establishing Dismissal Procedures, ECF No. 109 & Debtor's Reply, ECF No. 116.
[21] Debtor's Reply ¶ 11, ECF No. 116.
[22] Teele Decl. ¶ 37 n.7, ECF No. 117.
[23] In the motion before the Court, the Debtor states that "substantially all of the Debtor's assets have already been sold and all estate-held causes of action expected to benefit creditors have been resolved." Motion for Orders Approving Private Sale and Establishing Dismissal Procedures ¶ 51, ECF No. 109.
[24] Teele Dec. ¶ 47, ECF No. 117.

Page 6
In re Integrated Dental Systems, LLC.
Bankruptcy Case No. 20-21423
November 9, 2021

above. Consistent with this decision, Debtor's counsel shall submit proposed orders approving the sale to Biotech and the dismissal procedures. Finally, the Court notes that, in connection with dismissal of the case, it is not inclined to authorize the Debtor to abandon its books and records. If the Debtor believes it is entitled to such relief, it can file supplemental pleadings setting forth its argument.

Very truly yours,

/s/ John K. Sherwood

JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE